UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE COOLEY, | ) | 1:07-cv-01872-OWW-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATION AND FOR |
| | ) | LACK OF EXHAUSTION |
| J. D. HARTLEY, | ) | |
| | ) | ORDER TO FILE RESPONSE WITHIN |
| Respondent. | ) | THIRTY DAYS |
| | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 4, 2007 in the United States District Court for the Central District of California and transferred to this Court on December 26, 2007. (Docs. 1 & 2). The Court has conducted a preliminary review of the petition and has determined that may be untimely and that Petitioner may have failed to exhaust his state court remedies.

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-1042.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 325-327, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed after statute's enactment).   The instant petition was filed on December 4, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1  In most cases, the limitation period begins running on the date that the petitioner's direct
2  review became final.  Here, however, Petitioner is not challenging his conviction but rather the
3  denial of parole resulting from a hearing held on July 13, 2005.  At the time, Petitioner was
4  incarcerated for a 1991 conviction.  Petitioner would have had one year from July 14, 2005, or until
5  July 14, 2006 within which to file his federal petition.  The instant petition was filed on December 4,
6  2007, 508 days after the period expired.  Thus, unless Petitioner is entitled to statutory or equitable
7  tolling, the petition is untimely and should be dismissed.

   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

   Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 2129 (2001); Fail v. Hubbard, 272 F. 3d 1133, 1134 (9th Cir. 2001).

   Petitioner alleges that he filed a petition in the Los Angeles County Superior Court on April 25, 2006, which was denied on January 17, 2007.  Petitioner does not allege any other state habeas

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction.  See Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1  petitions that would entitle him to statutory tolling.  Thus, the aforementioned petition, assuming is
2  was properly filed pursuant to the AEDPA, would entitle Petitioner to tolling for 145 days.  As
3  mentioned, however, the petition was filed 508 days beyond the expiration of the one-year period.
4  Thus, tolling for 145 days would not make the instant petition timely; it would still be late by 363
5  days.  Accordingly, unless Petitioner can provide the Court with additional information regarding his
6  entitlement to tolling, the petition must be dismissed.

7       D.  Equitable Tolling

8       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
9  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
10 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107
11 F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be
12 available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'
13 beyond a prisoner's control make it impossible to file a petition on time"). "When external forces,
14 rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable
15 tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th
16 Cir. 1999).

17       Petitioner has not alleged, and the Court is not aware of, any grounds that would entitle him
18 to equitable tolling.

19       E.  Failure to Exhaust State Court Remedies.

20      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
21 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
22 exhaustion doctrine is based on comity to the state court and gives the state court the initial
23 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
24 U.S. 722, 731, 111 S.Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982);
25 Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

26      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
27 full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.
28 Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-522; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997).

Here, it appears that Petitioner has not exhausted his claim regarding denial of parole. Indeed, it appears that the only state court in which Petitioner attempted to exhaust this claim was the Superior Court of Los Angeles County. Thus, it appears that the entire petition is completely unexhausted.

Therefore, in addition to information regarding the statute of limitations, Petitioner will be ordered to show cause why the Petition should not be dismissed for failing to exhaust state court remedies. Should it be the case that the claims were exhausted and Petitioner has simply neglected to inform the Court of that fact, Petitioner should make clear when and in what court the claims were raised. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

Normally, if the petition contains some unexhausted claims, Petitioner will be given the option to withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal"). Here, however, it does not appear to the Court that any claims are exhausted.

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

Petitioner may alternatively move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies. Petitioner should bear in mind, however, that there exists a one-year statute of limitations applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); Ford v. Hubbard, 305 F.3d 875, 885-885 (9th Cir. 2002). In most cases, the one-year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court later find that the Petition contains unexhausted claims.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d) and Petitioner's failure to exhaust remedies.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **January 23, 2008**                             /s/ Theresa A. Goldner
                                                        UNITED STATES MAGISTRATE JUDGE